IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SHERRI L. DAY, | § | |
| | § | CIVIL ACTION NO. H-04-0620 |
| Plaintiff, | § | |
| | § | |
| VS. | § | JURY TRIAL DEMANDED |
| | § | |
| PATTERSON DENTAL SUPPLY, INC., | § | |
| | § | JUDGE LEE H. ROSENTHAL |
| Defendant. | § | |

### PLAINTIFF'S SUR-REPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff Sherri L. Day ("Day") files the following Sur-Reply to Defendant's Reply to Plaintiff's Response to Defendant Patterson Dental Supply, Inc's ("Patterson") Motion for Summary Judgment and in support, respectfully shows the Court as follows:

**I.**

1. Patterson's Reply claims that Day fails to establish a *prima facie* case of retaliation due to the lack of a causal nexus between her complaints and her termination. Patterson relies almost solely upon the passage of time between Day's first complaint and her termination to make this argument. However, the argument fails for the reasons stated below.

2. Patterson further argues that it terminated Day for legitimate, non-retaliatory reasons. Likewise, those arguments fail, as Patterson's actions raise more

questions than they provide answers. They simply create a fact issue for a jury to decide.

### A.     Day's testimony establishes a *prima facie* case of retaliation.

3.     Patterson again attacks Day's *prima facie* case on the grounds that there is no causal nexus between her termination and her complaint of harassment. Patterson argues that it had numerous opportunities to terminate Day as a result of her complaints of harassment and that, because it did not do so on an earlier occasion, the causal nexus necessarily fails.

4.     However, Patterson fails to recognize the difference between Day's October 2002 complaint of harassment and her earlier complaints. In October 2002, Day for the first time stated a definite intent to take her complaints to the next level -- that is, take her complaints to Patterson's central corporate office instead of trying to have them resolved by Houston branch office management. *See Deposition of Sherri Day*, attached as Exhibit A to Plaintiff's Response filed July 15, 2005, at 144:24-145:6. This is the crucial distinction which Patterson wilfully ignores in its motion and reply. The content of Day's October complaint was qualitatively different from her complaints asserted in 2001 and in early 2002. This difference would allow the jury to infer that this complaint was the "last straw" and the final motivator for Tim Wagstaff ("Wagstaff") in his decision to terminate Day.

5.     Indeed, Patterson's argument that Day's complaints could not have been the cause of her termination are particularly disingenuous in light of its further argument that the *real* reason for her termination was the continual co-worker and

customer complaints received about Day and her work performance. According to Wagstaff's testimony, he had been receiving such complaints since shortly after Day began work in April of 2001. *See Deposition of Tim Wagstaff*, attached as Exhibit C to Plaintiff's Response filed July 15, 2005, at 45:14-17. According to Patterson, complaints of harassment in July, 2001, could not serve as the basis for termination, but complaints of poor performance from the same time period or even earlier could.

      6.    The length of time between the protected activity and the adverse employment action is relevant to, but not dispositive of, causation. *See Shirley v. Chrysler First,* 970 F.2d 39 (5th Cir. 1992) (Affirming a finding of retaliation occurring fourteen months after the filing of an EEOC charge.). Patterson attempts to base its entire argument on the notion that too much time elapsed between Day's first complaint of harassment and her eventual termination to support a causal nexus. However, in doing so, it ignores the other relevant evidence -- the difference between Day's October, 2002, complaint and her previous complaints. Moreover, it cynically suggests that, while its management is free to consider eighteen months old, undocumented complaints in terminating Day, it could not possibly have considered much more recent protected activity. The question of what management actually considered is proper only for a fact finder. It cannot be decided as a matter of law and must be submitted to a jury. Summary judgment on this ground is therefore inappropriate and should be denied.

**B.     Day has ample evidence of pretext.**

7.     Patterson suggests that Day has not provided adequate evidence disputing Defendant's articulated reason for Day's discharge. To the contrary, Day has shown: 1) there is no documentation of the customer complaints; 2) the customer complaints allegedly occurred eighteen months before Day's termination; 3) Day was not notified of these deficiencies in her performance, especially since Patterson had the opportunity to put that in Day's evaluation but did not; 4) Day had been given a bonus or raise shortly before her termination and before her October 2002 complaint of discrimination; and 5) all "evidence" of Day's alleged performance problems comes from the testimony of the same two interested witnesses, Gary Slade ("Slade") and Wagstaff.

8.     Patterson's reply criticizes Day for relying upon "an incomplete, unsigned performance appraisal" containing no comment or remark from any supervisor. As Patterson's reply explains, Patterson's employees were required to perform a self-appraisal which would then be reviewed with a manager who would insert appropriate observations and comments and sign the document. *See Deposition of Gary Slade,* attached as Exhibit B to Plaintiff's Response filed July 15, 2005, at 46:8-48:14. Patterson appears to regard its own managers' failure to follow company practice and policy as somehow exonerating the company from any suspicion of wrongdoing. However, a jury could easily infer from these facts that Day had no performance issues, since her supervisors had been given an excellent opportunity to comment on any alleged shortcomings -- and in fact, were required to do so by Patterson's own company

practice and policy -- and these supervisors failed to take advantage of such opportunity.

9. Finally, Patterson argues that the mysterious gift checks are not a "bonus" as described in Day's response, but "money paid in lieu of a one percent pay raise." Whether the checks constituted a "bonus," a "raise," or "money paid in lieu of a one percent pay raise," the fact remains that they were a payment made to an employee whom Patterson claims was woefully underperforming and allegedly had unprecedented customer complaints and performance problems. Slade testified that Patterson gave Day the additional payment because Patterson "didn't want to lose [her]." *See Deposition of Gary Slade,* attached as Exhibit B to Plaintiff's Response filed July 15, 2005, at 65:16-19. As Wagstaff testified, it is Patterson's policy to reward good performance. *See Deposition of Tim Wagstaff*, attached as Exhibit C to Plaintiff's Response filed July 15, 2005, at 38:7-18. However, in this case, Patterson contends that it rewarded truly abysmal performance with additional monies that were not given to all employees. *See Deposition of Gary Slade,* attached as Exhibit B to Plaintiff's Response filed July 15, 2005, at 64:18-22. Further, Slade's testimony regarding his expense report makes it clear that this extra expense was booked by the company as a "sales promotion" rather than any payment referencing additional salary for a customer service representative. *See Deposition of Gary Slade,* attached as Exhibit B to Plaintiff's Response filed July 15, 2005, at 69:18-73:7. It appears clear that Day was singled out for this payment, and Patterson has provided no credible explanation why this payment was made. Why pay extra salary to an

Case 4:04-cv-00620   Document 23   Filed on 08/15/05 in TXSD   Page 6 of 8

underperforming employee? Why go to extra lengths to retain a poorly performing employee? And finally, why try to disguise this extra payment "in lieu of a one percent raise" as a "sales promotion" on internal company documents?

10. Patterson argues that Day presents no evidence that the gift checks were issued as a result of her good or even acceptable job performance. Yet good or even acceptable job performance would have provided at least some justification for these checks being paid. As it is, Patterson can provide no explanation of why Day was given the gift checks. Moreover, from the evidence presented, a jury might easily infer that the checks were paid in a clumsy attempt to buy Day's silence and to persuade her against taking her complaints to the next level of corporate management. When the attempt failed, Wagstaff and Slade -- acting with authority conferred by Patterson -- took the only remaining step available to them and terminated Day in an effort to put an end to her complaints.

11. Patterson's witnesses and its factual arguments raise more questions than they answer. They provide no rational explanation for Patterson's deviation from it stated practice in its appraisal and evaluation of Day, its compensation of her in American Express gift checks, and its documentation of that payment in its own financial records.

12. The unanswered questions make this case wholly inappropriate for summary judgment, and Patterson's motion should, therefore, be denied.

## II.
## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that Defendant's Motion for Summary Judgment be denied.

Respectfully Submitted,

AHMAD, ZAVITSANOS & ANAIPAKOS, P.C.


   /s/   Joseph Y. Ahmad
Joseph Y. Ahmad
Attorney in Charge
State Bar No. 00941100
Federal Bar No. 11604
3460 One Houston Center
1221 McKinney Street
Houston, Texas  77010-2009
Telephone:  (713) 655-1101
Telecopier:  (713) 655-0062


HENNESSY GARDNER & BARTH


   /s/   Iain G. Simpson *
Iain G. Simpson    *signed by permission by Joe Ahmad
Of Counsel
State Bar No. 00791667
502 Caroline, Suite 300
Houston, Texas 77002
Telephone: (713) 224-5066
Telecopier: (713) 224-5055

Edward J. Hennessy
Of Counsel
State Bar No. 09472000
502 Caroline, Suite 300
Houston, Texas 77002
Telephone: (713) 224-5066
Telecopier: (713) 224-5055

ATTORNEYS FOR PLAINTIFF,
SHERRI L. DAY

## NOTICE OF ELECTRONIC FILING

  I, do hereby certify that I have electronically submitted for filing, a true and correct copy of the above and foregoing document in accordance with the Electronic Case Filing System of the U.S. District Court for the Southern District of Texas, on this the 15th day of August, 2005.

            /s/ Joseph Y. Ahmad
            Joseph Y. Ahmad

## CERTIFICATE OF SERVICE

  I hereby certify that on this 15th day of August, 2005, a true and correct copy of the above and foregoing document has been forwarded via the efile system or by first class mail to all counsel as follows:

Linda Ottinger Headley
Littler Mendelson, P.C.
1301 McKinney, Suite 1900
Houston, Texas 77010-3031

            /s/ Joseph Y. Ahmad
            Joseph Y. Ahmad